IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HILDA SOLIS, Secretary of Labor, )
)
Plaintiff, ) NO. 3:10-00472
) JUDGE HAYNES
v. )
)
TENNESSEE COMMERCE )
BANCORP, INC., et al., )
)
Defendants. )

## MEMORANDUM

Before the Court is the Defendants' motion for stay pending appeal (Docket Entry No. 12) seeking to stay the Court's Order of May 19, 2010 (Docket Entry No. 9). Plaintiff, Secretary of Labor, filed her response. (Docket Entry No. 16).

The Defendants' motion for stay does not cite any evidence that would justify a stay. Defendants fail to submit proof that the Order would cause irreparable harm nor do they cite any factual errors in the Court's earlier ruling. Defendants argue, in sum: that the interim payment of salary and benefits represents an irreparable injury; that Fort's position was filled and the Defendants' officials cannot work with Fort; and that with the uncertainty of jurisdiction, a stay is appropriate. The Secretary contends that a stay is contrary to the applicable statute that expressly precludes any stay of the preliminary order.

To obtain a stay the moving party must show: (1) the likelihood of success on the merits on appeal; (2) the likelihood of irreparable harm absent a stay; (3) lack of harm to others if the stay is granted; and (4) the public interest supports a stay. Ohio v. Nuclear Regulatory Commission, 812 F.2d 288, 289 (6th Cir. 1987). For the reasons set forth below, the motion

should be denied for essentially the same reasons that the Court granted the Secretary's motion for a temporary restraining order and preliminary injunction for which the same standards obtain.

Although upon initial review the jurisdictional statutes are ambiguous, after examining the relevant Acts and their purposes as well as governing rules of statutory construction, the Court firmly concludes that jurisdiction exists. After review and analysis of the statutes and the rules of statutory construction, whatever lack of clarity to which the Court commented, is clearly resolved from this Court's perspective. The Defendants' arguments defy a clear Congressional mandate and remedy that the Acts allow a court to enforce.

As this Court has found, "[t]he public interest is served by enforcement of this Congressional mandate." (Docket Entry No. 9, Memorandum at 22). In 49 U.S.C. § 42121(b)(1)(A) (incorporated by 18 U.S.C. § 1514A(b)(2)(A)), Congress expressly provided: "The filing of objections shall not operate to say any reinstatement remedy contained in the preliminary order." Congress could have provided that an employee's temporary reinstatement is available only after an evidentiary hearing, as in the Energy Reorganization Act, 42 U.S.C. § 5851(b)(2)(A) ("Upon the conclusion of such hearing and the issuance of a recommended decision that the complaint has merit, the Secretary shall issue a preliminary order providing the relief prescribed in subparagraph (b), but may not order compensatory damages pending a final order."). Yet, with the provisions of 49 U.S.C. § 42121(b)(1)(A), Congress clearly determined this remedy was necessary and appropriate under these Acts.

The Supreme Court recognized the importance of interim reinstatement of whistleblowers: "Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievance . . . . For it needs no argument to show that the fear

2

of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions." Mitchell v. DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960). See also e.g., Bailey v. Gulf Coast Transp., Inc., 280 F.3d 1333, 1337 (11th Cir. 2002) (without preliminary reinstatement "[e]mployees may be much less likely to stand up for their substantive rights under the statute if they know that months or years will pass before a court can act to halt prohibited intimidation by their employer"). The Supreme Court and the Second Circuit have upheld immediate reinstatement orders under the Surface Transportation Assistance Act ("STAA") "with no dire effects." Bechtel v. Competitive Technologies Inc.,448 F.3d 469, 486-87 n.3 (2d Cir. 2006) (citing Brock v. Roadway Express, Inc., 481 U.S. 252, 258-59 (1987); Martin v. Yellow Freight Sys., Inc., 793 F.Supp. 461 (S.D.N.Y. 1992), aff'd 983 F.2d 1201 (2d Cir. 1993). As Judge Straub stated on SOX's interim reinstatement remedy, " immediate reinstatement is paramount, which cuts against any interpretation that would allow an employer to ignore a reinstatement order with impunity." Bechtel,448 F.3d at 484 (Straub J.,dissenting).

As to the interim payment and restoration of Fort's backpay and benefits, Defendants cite Sampson v. Murray, 415 U.S. 61, 90 (1974), that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury," and Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 579 (6th Cir. 2002), "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." In the Court's view, a corollary of those principles is that the interim payment of benefits under the Secretary's interim order does not demonstrate irreparable injury. As stated earlier, given the Defendants' regulated status as a publically traded company, these payments represent a cost of

3

business that the Defendants clearly contemplated as reflected by their SOX compliance Committee. The Defendants were well aware of the range of sanctions for the conduct found by the Secretary.

The Defendants also argue that the Secretary failed to comply with the time limits in 49 U.S.C. §42121(b)(2)(A) and (b)(3)(A) so as to bar enforcement of the Secretary's preliminary order, but that contention lacks merit. See Cyberworld Enterprise Technologies Inc. v. Napolitano, 602 F.3d 189, 191, 196-200 (3rd. Cir. 2010) and authorities cited therein.

Finally, the Defendants' motion for a stay is essentially an effort to ignore a clear Congressional mandate sought to be enforced by the Secretary. By their individual actions, Defendants cannot supplant this statutory mandate. Defendants' motion is a challenge to the policy choice made by Congress. There is not any factual or legal showing to set aside that mandate.

For these reasons, the Court concludes that the Defendants' motion for a stay should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of May, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge